THOMPSON v. MUELLER.

Ohio Appeals, 1st Dist., Hamilton Co.

No. 3099. Decided Dec. 19, 1927.

**First Publication of this Opinion.**

Syllabus by Editorial Staff.

769. MINORS—413. Divorce and Alimony.

Where divorce has been granted to wife for husband's aggression, and custody of minor child awarded to husband, and minor child later lives with mother, father not liable for support, care and maintenance. Law assumes that such support was furnished by mother without expectation of recovery and furnished as a gratuity.

Error to Common Pleas.
Judgment reversed.

James B. Benedict and Chas. C. Benedict, Cincinnati, for Thompson.
M. C. Lykins, Cincinnati, for Mueller.

STATEMENT OF FACTS.

May 25, 1914, Irene Thompson Mueller secured a divorce from Harry Thompson because of his aggression. November 23, 1914, the decree in that case was modified as to the custody of the children. It awarded the custody, care and support of Clay Thompson, a son seven years of age, to the father, Harry Thompson. The mother married Mueller, and, prior to December, 1915, moved to and was living in Cleveland. At the time last stated, it was arranged that the boy, Clay Thompson, should visit his mother, at her home, with the understanding that he was to return to his father at the end of the holiday vacation period. The boy was not returned; the mother giving as the reason, that the boy did not want to return to his father. The father sent a telegram, inquiring whether the boy was coming to him. To which an answer was sent that he was not coming.

October 20, 1925, Mrs. Mueller filed an action in the Court of Common Pleas, claiming that there was due her from Harry Thompson the sum of $5340, for work, services, shelter, support, maintenance, nursing, and clothing furnished the minor son of the defendant by the plaintiff, the mother, for a period of 534 weeks, from June 20, 1915, to Oct. 5, 1925, at ten dollars per week.

The answer admitted the divorce and that Clay Thompson was a child of their marriage, but denied generally the other allegations of the petition.

A verdict was returned in favor of the plaintiff, and judgment was entered thereon for $985. This action is prosecuted to reverse the judgment.

OPINION OF COURT.

The following is taken, verbatim, from the opinion.

CUSHING, J.

It is a fundamental principle of law that where, under such circumstances, services have been rendered and support furnished, without any expectation of payment, the law will not permit a recovery, for the reason that services rendered and support furnished under such circumstances amount to a gratuity.

The defendant in error relies on the case of Pretzinger v. Pretzinger, 45 OS. 452. The holding in that case was distinguished and modified in the case of Fulton v. Fulton, 52 OS. 229, which was followed in Douglas v. Douglas, 22 O. C. C. 223 (affirmed 64 OS. 606.) As was pointed out in these cases, the defendant in error in this case at no time requested the court, awarding the custody of the child Clay Thompson to his father, to modify its order, nor did she request the court to make any provision for the minor's support. She retained the child and received his services, with full knowledge that the custody of the child had been awarded to the father.

The law presumes that the support was furnished without any expectation of recovery, and was furnished as a gratuity.

Our conclusion is that, under the rule stated in the case of Kimel v. Dorshimer, supra, the judgment of the Court of Common Pleas is contrary to law, and is hereby reversed and held for naught. This court will

enter the judgment that the court below should have entered.

Judgment will be entered for the plaintiff in error.

(Hamilton, PJ. and Mills, J., concur.)